IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARMSTEAD,

      Plaintiff,                     No. 2: 11-cv-1054 KJN P

   vs.

TIM V. VIRGA, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

1 make monthly payments of twenty percent of the preceding month's income credited to
2 plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
3 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
4 fee is paid in full.  28 U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief
6 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9 granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
22 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
25 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
26 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Named as defendants are Tim Virga, V. Mini, C. Cannedy and K.A. Daly.  Plaintiff alleges that he was subjected to a racially based lockdown.  Plaintiff also alleges that during this lockdown, he was subjected to unconstitutional conditions of confinement.

The complaint contains no specific allegations against defendants Virga, Mini or Cannedy.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

      Because plaintiff has failed to link defendants Virga, Mini and Cannedy to the alleged deprivations, the claims against these defendants are dismissed with leave to amend.

      The only claim against defendant Daly is that she failed to process plaintiff's administrative appeal challenging the lockdown because he failed to attach a memorandum prepared by prison officials regarding the lockdown.

      A prison official's failure to process a grievance, without more, is not actionable under § 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Because plaintiff has not stated a colorable claim against defendant Daly, the claims against this defendant are dismissed with leave to amend.

      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4

1 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
2  Failure to file an amended complaint in accordance with this order may result in the dismissal of
3  this action.
4  DATED: May 19, 2011

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

8  arm1054.14

```
1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JAMES ARMSTEAD,
11          Plaintiff,                          No. 2: 11-cv-1054 KJN P
12      vs.
13   TIM V. VIRGA, et al.,                     NOTICE OF AMENDMENT
14          Defendants.
15   _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17   order filed _____:
18          _____        Amended Complaint
19   DATED:
20
21                                              _____
22                                              Plaintiff
23
24
25
26
```