IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARMSTEAD,

    Plaintiff,                    No. 2: 11-cv-1054 JAM KJN P

    vs.

TIM V. VIRGA, et al.,

    Defendants.              <u>ORDER</u>

_____/

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 3, 2012, the undersigned granted defendants' motion to dismiss with leave to amend as to some claims, and recommended that defendants' motion be granted and denied as to other claims.

      Pending before the court are plaintiff's motions for injunctive relief filed June 22, 2012 (Dkt. Nos. 49, 50) requesting additional law library access. Also pending is plaintiff's July 16, 2012 motion for an extension of time to file an amended complaint in response to the July 3, 2012 order and, possibly, objections to the July 3, 2012 findings and recommendations.

////

////

1

II. <u>Motions for Injunctive Relief</u>

*Plaintiff's Allegations*

In his motions for injunctive relief, plaintiff alleges that the educational materials such as text books were removed from the law library. Plaintiff also alleges that all hard bound reference books, except for Shepards, were removed from the law library and replaced with computers that are difficult to work. Plaintiff also alleges that the law library no longer loans out statutory or case law related books. Plaintiff also complains that the law library schedule changed from five days a week to two days a week during yard time. Plaintiff also complains that when he has law library access, he is only permitted to make copies of one legal document per visit. Plaintiff alleges that during the month of May, he had law library access "only" four times.

*Standards for Protective Orders*

The court construes plaintiff's motions for injunctive relief as motions for protective orders. None of the requests addressed in plaintiff's motions seek dispositive relief on the merits of the complaint. The motions are addressed to procedures that the parties must utilize in litigating this case. <u>See</u> <u>United States v. Flaherty</u>, 668 F.2d 566, 586 (1st Cir. 1981) ("A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial.") Neither do the rulings herein involve injunctive relief. For these reasons, plaintiff's motions may be handled by court order rather than by findings and recommendations.

*Analysis*

Prisoners have a constitutional right to access the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). This right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts ... [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. <u>Lewis</u>,

1   518 U.S. at 356-57.  Prison officials may select the best method to ensure that prisoners have the
2   capability to file suit.  See id. at 356.
3          The undersigned first considers plaintiff's claim that in order to prepare his
4   objections and amended complaint, he is now required to use computers which are difficult to
5   operate.  As set forth above, plaintiff has no constitutional right to a "particular methodology" for
6   doing legal research.  Plaintiff's use of computers does not deny him access to the courts.
7   Accordingly, plaintiff's claim that the computers are more difficult for him to use than hard
8   bound books is not grounds for granting his motions for protective orders.
9          Plaintiff also complains that the computers often malfunction.  Plaintiff's motions
10  contain no specific allegations regarding when the computers malfunctioned.  Plaintiff's vague
11  and unsupported claim regarding malfunctioning computers is not grounds for granting his
12  motions for protective orders.
13         Plaintiff complains that all educational materials, such as text books, were
14  removed from the law library.  Plaintiff does not allege that he requires educational materials to
15  prepare his amended complaint or objections.  For this reason, plaintiff's inability to access text
16  books is not grounds to grant his motions for protective orders.
17         Plaintiff also complains that he is no longer permitted to borrow books from the
18  law library.  Plaintiff does not explain how his inability to borrow books prevents him from
19  preparing his objections and amended complaint.  For this reason, the undersigned finds that
20  plaintiff's inability to borrow books is not grounds for granting his motion for protective order.
21         Plaintiff also complains that the law library is open only two days per week during
22  yard time.  Plaintiff argues that he forced to choose between outdoor exercise and law library
23  access.  Plaintiff does not claim that he is completely denied outdoor exercise based on the law
24  library schedule.  Instead, he appears to claim that on two days per week he is required to choose
25  between law library access and outdoor exercise.  Because plaintiff does not describe how much
26  outdoor exercise he receives per week, the undersigned finds that he is not entitled to a protective

order based on the law library schedule conflicting with the yard schedule.

Plaintiff also complains that he is only permitted to make copies of one legal document per visit to the law library. It is unclear how this limit on copies has impacted plaintiff's ability to prepare his complaint and objections. For this reason, plaintiff is not entitled to a protective order on these grounds.

The undersigned observes that plaintiff does not complain that he is being completely denied law library access, as plaintiff admits that he received access to the law library four times during the month of May.

Finally, in one of his pending motions, plaintiff alleges that he is being denied law library access in retaliation for his challenges to the adequacy of the law library. Other than this claim, plaintiff provides no specific facts to support his claim of retaliation. The undersigned will not address this claim of retaliation any further because it is vague and unsupported.

For these reasons discussed above, plaintiff's motions for protective orders seeking increased and improved law library access are denied.

III.  Motion for Extension of Time

Plaintiff requests an extension of time to prepare his amended complaint and objections to the July 3, 2012 findings and recommendations. Good cause appearing, this motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for injunctive relief (Dkt. Nos. 49, 50), construed as motions for protective orders, are denied;

2. Plaintiff's motion for an extension of time (Dkt. No. 52) is granted; plaintiff's amended complaint and objections to the findings and recommendations are due within thirty

////

////

////

1. days of the date of this order.
2. DATED: July 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arm1054.po